COLLIER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-431-CR

FREDERICK LLOYD COLLIER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one point on appeal, appellant Frederick Lloyd Collier complains that he received ineffective assistance of counsel at his trial for driving while intoxicated (DWI) because his counsel did not attempt to suppress evidence of the traffic stop that provided evidence of his intoxication.  According to appellant, the officers who stopped appellant did not have reasonable suspicion to do so because they did not see him commit any traffic violations or drive erratically; they stopped him only because they were responding to a dispatch call of a possible intoxicated driver.  We affirm.

Officer Chadd Springer of The Colony Police Department responded to a dispatch call about a possible intoxicated driver.  After receiving a description of the driver’s truck, he saw it parked in the driveway at 4801 Woodruff with the reverse and brake lights on.  He then saw the driver back across the road into the yard of the house across the street, which is appellant’s home.  Officer Springer approached the driver of the truck, eventually determined that he was intoxicated, and arrested him. 

Officer Springer and another officer, Dena Williams, spoke with the person who called dispatch about a possible intoxicated driver when the caller pulled up behind the officers at the scene.  The caller had followed appellant home.  Officer Williams got the caller’s name, address, and telephone number and took a written statement from him.  Officers Springer and Williams did not know the caller and had never met him before that night. 

Appellant contends that there is a reasonable probability that, but for his counsel’s deficient performance, the outcome of his trial would have been different because there is a reasonable probability the trial court would have granted a motion to suppress evidence of the stop and investigation of appellant for DWI.  
See Strickland v. Washington
, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984).  We disagree.  Under the totality of the circumstances, the information provided by the caller was sufficiently reliable to justify the officers’ stop of appellant.  
See Pipkin v. State
, 114 S.W.3d 649, 655-56 (Tex. App.—Fort Worth 2003, no pet.); 
State v. Stolte
, 991 S.W.2d 336, 342-43 (Tex. App.—Fort Worth 1999, no pet.).  Thus, appellant cannot meet the second prong of 
Strickland
.  We overrule his sole point on appeal and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 12, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.